## Case No. 16,539.

### UNITED STATES v. TRIPLETT et al.

[3 Cent. Law J. 399; [1] 22 Int. Rev. Rec. 207; 23 Pittsb. Leg. J. 185.]

District Court, D. Virginia. April, 1876.

INTERNAL REVENUE—DISTILLER'S BOND—SALE OF DISTILLERY BY COLLECTOR—PRIOR LIENS.

The defendant, being indebted to the United States, his distillery was levied on and sold to the plaintiff, at the sum due by the defendant to the United States. Subsequently it was ascertained that the property in question was encumbered by liens, existing prior to his commencing business as a distiller, to an amount larger than the value of the property, and the property was again sold to satisfy the prior liens. In a suit brought on the bond of the distiller, *held*, that the sale of the premises to the plaintiff extinguished the debt, and that it made no difference whether the defendant had any interest in the property, or that the purchaser acquired no title; nor is it material that the United States. and not an individual, was the purchaser.

L. L. Lewis, U. S. Dist. Atty.
John S. Mosby, for defendant.

BOND, Circuit Judge. This cause has been submitted to the court, without the intervention of a jury, by agreement in writing, to find the facts and determine the law applicable thereto: The facts have been agreed upon by the parties, and the court doth find them to be as follows: This is a suit upon a distiller's bond. Triplett, one of the defendants, in the year 1872, after the first day of April, was a distiller, and as such executed the bond upon which this suit is brought. In the autumn of that year he was indebted to the United States in the sum of $1.300, for which a distress warrant was levied by the United States collector of internal revenue for the Seventh district of Virginia, and the distillery premises referred to in the bond were exposed for sale at public auction, under said distress warrant, and. there being no other bidder, the premises were bought in by the collector for the United States at the sum due by Triplett to the United States. Subsequently it was ascertained that the property in question was encumbered by liens existing thereon prior to Triplett's commencing business as distiller, to an amount much larger than the value of the property. Sometime thereafter the property was sold under a decree of the circuit court of Fauquier county, Virginia, to satisfy the prior liens, and did not bring a sufficient sum to pay off and discharge them. The United States, on account of these facts, did not realize anything on account of their purchase. and this suit is brought to recover the debt referred to in the declaration. A deed was made by the collector on January 7, 1874, conveying the distillery premises to the United States. And the court finds the law to be from these facts that by the sale of the premises by

the collector, as stated, for an amount equal to the debt due by the defendant, that debt was extinguished and paid. And that it makes no difference whether the defendant had any real interest in the property or not, or that the purchaser acquired no title to the same. Nor is it material that the United States, and not an individual, is the purchaser. And the reasons. or some of them, for these findings are these: By section 3199 of the Revised Statutes, "it is provided that the deed from the collector to the purchaser shall be considered and operate as a conveyance of all the right, title and interest the party delinquent had in and to the real estate sold at the time the lien of the United States attached." Even if the doctrine of caveat emptor does apply to this sale, which, however, is not admitted. the provision of this section was noticed to all the world of what was offered for sale. All the collector could offer for sale, and hence all that could be purchased. was the interest of the delinquent. What the bidder may choose to give for that is in his discretion. There is no warrant of title, and the purchaser can not complain if he gets what he bid for. But in this case the law required that the assessor of internal revenue should have a search of the title exhibited to him before the bond in suit was accepted and the distiller allowed to commence business, so that the United States, through its officers, knew or ought to 'have known, exactly what they were purchasing, and can not be supposed to have been surprised at the discovery of the prior liens and encumbrances on the property of the delinquent.

As there was no warranty of title at this sale, it would have been no answer to a suit on a note for the purchase-money given by an individual purchaser at the sale, that the delinquent had no interest in the property. He would have been told that all that was sold was whatever interest the party had, and that the act of congress referred to was notice to him of that. The same rule must be applied to the United States, when they become purchasers at these sales. as is applied to individuals, and the judgment must be for defendants.